IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MERCION CLIFFTON FREEMAN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-01211-P-BP |
| | § | |
| **AMERICAN CREDIT ACCEPTANCE, LLC,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This is an action by Plaintiff Mercion Cliffton Freeman ("Freeman") seeking damages for American Credit Acceptance LLC's ("ACA") alleged violation of the Fair Credit Reporting Act ("FCRA"), defaming him, and causing willful injury. *See* ECF No. 1. This action was referred to the United States Magistrate Judge Hal R. Ray Jr., for submission to this Court of findings, conclusions and recommendations ("FCRs") pursuant to 28 U.S.C. § 636(b)(1)(B). On December 31, 2020, Judge Ray submitted findings and conclusions and recommended that the Court grant ACA's Motion to Compel Arbitration and Dismiss Proceedings. *See* ECF Nos. 7, 20. Freeman timely filed objections to the FCRs. ECF No. 21.

The Court reviewed the Magistrate Judge's FCRs and finds that Freeman's objections lack merit. For the reasons set forth below, the Court **OVERRULES** Freeman's objections and **ADOPTS** and incorporates herein Magistrate Judge's FCRs. ECF No. 20. Accordingly, the Court **GRANTS** ACA's Motion to Compel Arbitration and Dismiss

Proceedings (ECF No. 7), **ORDERS** the parties to engage in arbitration pursuant to the Contract's arbitration provisions, and **DISMISSES** this action **WITH PREJUDICE**.

## BACKGROUND[1]

This case began on September 10, 2020 when Freeman filed his original petition in the Justice Court of Tarrant County, Texas. ECF No. 1 at 1. Freeman sued ACA for allegedly violating the FRCA, defaming him, and causing willful injury. ECF No. 1-2 at 2. Specially, Freeman alleged that ACA "refused to correct information after being provided proof of inaccuracy" on his credit report. ECF No. 1-3 at 3. ACA timely removed the case on November 5, 2020. ECF No. 1.

The facts underlying the case are as follows. On June 20, 2016, Freeman entered a written Retail Installment Sales Contract ("Contract") to buy a used 2006 Lexus GS300 from an AutoNation dealership in Frisco, Texas. ECF No. 9 at 8–9. ACA provided the financing in the principal amount of $14,235.03. *Id*. The Contract included an arbitration clause. *Id*. After ACA financed Freeman's purchase, the dealership sold, transferred, and assigned all its rights, title, and interests in the Contract to ACA, as provided in the Contract. *Id*. at 5.

Freeman alleges that ACA reported erroneous information on his credit profile provided to credit bureaus and violated the FCRA by failing to respond to a letter

---

[1]Since Freeman has not objected to the factual background in the "Statement of the Case" section of the FCRs, the Court adopts the Magistrate's rendition of the relevant facts and briefly summarizes them herein. *See Duke v. Colvin*, No. 5:16-CV-151-DAE, 2016 WL 6651394, at *1 (W.D. Tex. Nov. 10, 2016).

requesting a "Validation of Debt." ECF No. 16 at 4. Specifically, Freeman contends that ACA violated 15 U.S.C. § 1681 by failing to respond to his letter within thirty days, reporting fraudulent information to the credit bureaus, defaming his character, and denying him due process. *Id*. He claims that ACA's actions lowered his credit score "injuring [his] [c]redit [w]orthiness, relationships, friendships, career opportunity advancement, and inter alia." *Id*. at 5.

Freeman claims to have received a letter from ACA in which it allegedly admitted that it had reported inaccurate information. *Id*. Freeman states that ACA then continued to report inaccurate information even after it sent its "letter of proof." *Id*. In response to the allegedly false information that was reported, Freeman filed a complaint with the Consumer Financial Protection Bureau ("CFPB") on September 14, 2019. *Id*. Freeman alleges that on November 13, 2019, ACA responded, "openly admitting there was deceptive and fraudulent practices on the Contract." *Id*. He further contends that ACA's response admitting fraud voids the entire Contract, including the arbitration agreement. *Id*. Freeman argues that the Contract, and therefore the arbitration clause, is voided due to "[f]raudulent ([f]orgery) activities" he discovered on August 21, 2019. ECF No. 16 at 4. He claims that ACA confirmed the forgery in a letter he received from it as well as in its response to the complaint that he filed with the CFPB. *Id*.

ACA contends that federal law requires Freeman to arbitrate his claims in accordance with the arbitration clause contained in the Contract. ECF No. 8 at 2. In support of its Motion to Compel Arbitration, ACA submitted copies of the Contract signed by

3

Freeman, which contains an arbitration clause. *See* ECF No. 9. Pursuant to the arbitration provision, Freeman agreed that either party may choose to have any dispute decided by binding arbitration and not by a court action. ECF No. 9 at 11. The arbitration clause also provides that any arbitration "shall be governed by the Federal Arbitration Act (9 U.S.C. § 1) and not by any state law concerning arbitration" and contains a venue provision that requires claims to be arbitrated in New York, New York. *Id*. The arbitration clause specifically invokes the Federal Arbitration Act ("FAA"), and Freeman does not dispute this fact. The Court therefore determines whether the FAA applies to Freeman's claims against ACA.

United States Magistrate Judge Hal R. Ray, Jr. issued his FCRs on December 31, 2020, recommending that the Court grant ACA's Motion to Compel Arbitration and Dismiss Proceedings. *See* FCRs. Freeman timely filed his objections. *See* Objection. The FCRs and Objection are ripe for the Court's review.

## LEGAL STANDARD

Any party who objects to any part of a magistrate judge's findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and FED. R. CIV. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en

4

banc). An objection that merely incorporates by reference or refers to the briefing before the magistrate judge *is not specific*. *Id*. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *Id.*

## ANALYSIS

Freeman's litany of objections consists of nothing beyond reiterating pleadings and grievances he filed before the Magistrate. *Compare* Answer, ECF No. 16 at 2 (arguing that ACA forged his signature), *and* Obj. at 1–2 (arguing the same), *with* FCRs at 4–5 (addressing Freeman's forgery arguments). Freeman makes no specific objection to the FCRs beyond echoing the exact arguments put before and rejected by Judge Ray. Thus, *Douglass* mandates that the FCRs be reviewed under plain error. 79 F.3d 1417. Finding none, the Court finds that Freeman's Objections should be and hereby are **OVERRULED**.

## CONCLUSION

Following the Court's review of the FCRs, record, and objections, the Court finds that the FCRs are correct and free from plain error. Accordingly, Freeman's Objections are hereby **OVERRULED** and Judge Ray's recommendation is **ADOPTED.** ECF No. 20. Consequently, the Court **GRANTS** ACA's Motion to Compel Arbitration (ECF No. 7) and the parties are **ORDERED** to arbitrate all claims in accordance with the arbitration provisions in the Contract. Finally, Freeman's claims are **DISMISSED with prejudice.**

**SO ORDERED** on this **17th day** of **March, 2021.**

*[signature]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

6